UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER RANSFER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 2:21-CV-51 SRW |
| | ) | |
| DAN REDINGTON, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Petition of Christopher Ransfer for a writ of habeas corpus under 28 U.S.C. § 2254 and his Amended Petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF Nos. 1, 10. The State has filed a response and Petitioner has filed a reply. Both parties have consented to the exercise of plenary authority by a United States Magistrate Judge under 28 U.S.C. § 636(c). For the reasons set forth below, the petition for a writ of habeas corpus is denied.

I.  BACKGROUND

In 2014, a jury convicted Petitioner of one count of first-degree robbery and one count of armed criminal action. The Circuit Court of the City of St. Louis sentenced him to 18 years imprisonment. Petitioner appealed to the Missouri Court of Appeals, Eastern District, who affirmed his convictions. Petitioner filed a post-conviction relief ("PCR") motion pursuant to Missouri Supreme Court Rule 29.15. The PCR motion court denied Petitioner's claims, and the appellate court affirmed the motion court's decision. Petitioner now seeks habeas relief before this Court.

1

The Missouri Court of Appeals described the facts of Petitioner's conviction as follows:

> On January 30, 2012, Douglas Mitchell (Victim) was walking on Potomac Street in the Gravois Park neighborhood, when a man walked past Victim from behind, turned around to face Victim, and demanded Victim's wallet. The man said he had a gun, and Victim could see a gun sticking partially out of the man's pants. Victim gave the man his wallet, and the man ran away.
>
> Victim immediately called the police, and Officer Mario Burns (Officer Burns) responded to the scene. Victim described the man who robbed him to Officer Burns as a thin, black male in his early twenties; five feet, ten inches tall; weighing 150 pounds; and wearing a light blue hooded sweatshirt and dark pants. Officer Burns drove Victim around the neighborhood to see if they could find the man who robbed Victim, but they were unsuccessful.
>
> On February 6, 2012, Detective Leonard Blansitt (Detective Blansitt) showed Victim thirteen photographs and asked Victim whether one of them was a photograph of the man who robbed him. Victim chose Defendant's photograph. Victim stated that he was ninety percent sure that Defendant was the man who robbed him, but that Victim would need to see Defendant in person to be one hundred percent certain. On February 16, 2012, Victim viewed an in-person lineup and selected Defendant, saying he was 110 percent certain Defendant was the man who robbed him.

ECF No. 12-11, at 2-3.[1]

## II.   DISCUSSION

Petitioner asserts the same three claims in his Petition and Amended Petition: (1) the state knowingly used false evidence to secure Petitioner's convictions in violation of the Fourteenth Amendment; (2) Petitioner received ineffective assistance of counsel when his trial counsel failed to investigate and present evidence linking a cell phone to Petitioner; and (3) he received ineffective assistance of counsel when his trial counsel advised Petitioner not to testify in his own defense. In response, the State argues the Petition and Amended Petition are untimely, and all three of Petitioner's claims are procedurally defaulted.

---

[1] These facts are taken directly from the Court of Appeals' Memorandum affirming Petitioner's conviction on direct appeal. This Court presumes a state court's determination of a factual issue is correct. *See* 28 U.S.C. § 2254(e).

2

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for writs of habeas corpus filed under 28 U.S.C. § 2254, which begins running on the date judgment on the original conviction becomes final. *Williams v. Bruton*, 299 F.3d 981, 982 (8th Cir. 2002). The AEDPA's one-year limitation period is tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2254(d)(2).

Petitioner's judgment became final on the day his time period for seeking direct review ended. 22 U.S.C. § 2244(d)(1)(A); *see also Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) ("[T]he judgment becomes final at the 'expiration of the time for seeking such review' – when the time for pursuing direct review in this Court, or in state court, expires."). The Court of Appeals issued its order on Petitioner's direct appeal on June 9, 2015. ECF No. 12-14, at 21. Petitioner filed a motion for rehearing or transfer to the Missouri Supreme Court, but he filed it out of time, and the court struck the motion as untimely. *Id*. The expiration of time for seeking review ended on June 24, 2015, fifteen days after the Court of Appeals' opinion was filed.

Petitioner asserts his time period for seeking direct review ended when the Court of Appeals issued its mandate, citing *Riddle v. Kemna*, 523 F.3d 850 (8th Cir. 2008). In *Riddle*, the Eighth Circuit held the trigger for AEDPA's statute of limitations is either the expiration of the time for seeking direct review, or the conclusion of direct review (meaning when the court of appeals issues its mandate), whichever is later. *Id*. at 856. However, in *Gonzalez*, the Supreme Court abrogated the Eighth Circuit's decision in *Riddle* and held the judgment becomes final when the time for seeking direct review, either in the Supreme Court or the state court, expires. 565 U.S. at 149-150. If a petitioner does not appeal to the state's highest court, then his judgment becomes final when his time for seeking review with the state's highest court expires. *Id*. at 150.

3

Petitioner argues it does not make sense for AEDPA's statute of limitations to start running before the mandate issues, because, in Missouri, a petitioner cannot file a motion for postconviction relief until the mandate issues. The Supreme Court addressed, and rejected, this exact argument in *Gonzalez*. *Id*. at 153-154. Petitioner's judgment becomes final when the time for seeking review with the Missouri Supreme Court expired, not when the appellate court issued its mandate.

Petitioner also asserts the Court should use the date the appellate court denied Petitioner's motion for rehearing or to transfer, arguing "direct review concludes when the 'process of direct review' has 'come to an end' and the state conviction is no longer 'capable of modification' on direct appeal," quoting, *Jimenez v. Quarterman*, 555 U.S. 113 (2009). In *Jimenez*, the petitioner failed to file his direct appeal on time, and the Texas Court of Criminal Appeals granted him the right to file an out-of-time appeal. *Id*. at 116. When he filed his federal habeas motion, to establish his petition was timely, he used the date when time expired for seeking certiorari review of the decision in his out-of-time appeal. *Id*. at 117. The district court dismissed the petition as time barred and used the date when time for seeking discretionary review of his first direct appeal expired. *Id*. The Supreme Court agreed with Petitioner and held: "[W]here a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)." *Id*. at 121. "In such a case, 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review' must reflect the conclusion of the out-of-time appeal, or the expiration of the time for seeking review of that appeal." *Id*.

*Jimenez* does not save Petitioner. The Court of Appeals denied Petitioner's motion for rehearing or application to transfer to the Missouri Supreme Court because it was one day out of time. *Jimenez* only applies if his motion had been granted. Therefore, the expiration of time for seeking review of Petitioner's appeal ended on June 24, 2015, fifteen days after the Court of Appeals' opinion was filed. *See* Mo. S. Ct. R. 83.02 ("Application by a party for such transfer shall be filed within fifteen days of the date on which the opinion … is filed[.]"); Mo. S. Ct. R. 84.17(b) ("A motion under this rule [] shall be filed within 15 days after the court files its opinion[.]"). The statute of limitations for Petitioner's federal habeas began running the day after the time for direct review ended, on June 25, 2015. Fed. R. Civ. P. 6(a)(1)(A) (excluding from the time computation the day of the event that triggers the time period); *see also King v. Hobbs*, 666 F.3d 1132, 1136 (8th Cir. 2012).

Petitioner filed his PCR motion on September 8, 2015. Petitioner accumulated 76 days towards his one-year statute of limitations from June 25, 2015, until September 8, 2015. The statute of limitations was tolled until the completion of his PCR proceedings, which occurred on September 3, 2020, when the Court of Appeals issued its mandate in Petitioner's appeal of his PCR denial. Petitioner did not seek further review of his PCR motion with the Missouri Supreme Court. Petitioner filed his Petition in this Court on July 28, 2021. The statute of limitations accrued for 328 days from when his PCR appeal was final to when he filed his federal habeas petition. In total, 404 days accrued that were not tolled from the statute of limitations period. Therefore, the Petition is untimely.[2]

---

[2] While equitable tolling affords an otherwise time-barred petitioner an "exceedingly narrow window of relief," *see Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001), Petitioner did not raise an equitable tolling argument in either his Petition, Amended Petition, or Traverse. Therefore, the Court will not address it.

5

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Christopher Ransfer for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and the Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 are **DENIED**, as untimely.

**IT IS FURTHER ORDERED** that Petitioner Christopher Ransfer's Petition and Amended Petitioner are **DISMISSED, with prejudice**. Petitioner has not made a substantial showing of a denial of a constitutional right, and this Court will not issue a Certificate of Appealability. 28 § U.S.C. 2253(c)(2). A separate judgment in accord with this Order is entered on this same date.

So Ordered this 8th day of 6/8/2022June, 2022.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE